**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:06-CV- 74  -M**

JEFFREY LOUIS SCOTT                                                                  PLAINTIFF

v.

RON HERRINGTON *et al.*                                                          DEFENDANTS

<u>MEMORANDUM OPINION</u>

   Plaintiff filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).  For the reasons explained below, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**I.  Summary of Claims**

   Plaintiff, a federal inmate, was housed at the Henderson County Detention Center for over a year prior to his transfer to the United States Penitentiary in Terre Haute, Indiana.  Plaintiff has sued the following Henderson County Detention Center employees:  (1) Jailer Ron Herrington; (2) Chief Deputy Freddie Rowland; (3) Clerk Weldon; (4) Major Gibson; (5) Officer McDaniels; (6) Major Dunlop; (7) OFC Davis; (8) Captain Kizer; and (9) Officer Balious.

   According to Plaintiff, on or about September 22, 2005, Honorable Federal Judge Richard L. Young of the Southern District of Indiana granted Plaintiff's oral motion to proceed *pro se* in the federal criminal action then pending against him in that court.  Thereafter, Plaintiff alleges that Defendants deprived him of his First Amendment right to access the courts by failing to timely make copies of the Federal Rules of Criminal Procedure and Black's Law Dictionary available for his use, refusing to make copies of his legal papers allegedly preventing him from filing motions with the court, and refusing and/or failing to certify various legal papers.

## II.  Standard of Review

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III.  Analysis

Prisoners have a constitutional right of meaningful access to the courts to defend themselves, attack their sentences, or challenge conditions of confinement.  *Lewis v. Casey*, 518 U.S. 343, 355 (1996).  To state a claim for denial of access to the courts, a prisoner must demonstrate actual prejudice to pending or contemplated litigation.   *Id.* at 351.  Examples of actual prejudice include having a case dismissed, being unable to file a complaint, or missing a court-imposed deadline.  *See id.*; *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).  "An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation."  *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

In this case, at most Plaintiff alleges that he prepared, but could not file, various motions with the Southern District of Indiana because Defendants would not make copies of or certify his papers.  However, Plaintiff did not allege what these motions were, or explain how his failure to file them impacted his case.  In fact, Plaintiff failed to even provide the Court with the case number for his federal criminal case.  The Court, however, was able find Plaintiff's criminal case, No. EV04-CR-0014-03-Y/H, and has reviewed the docket sheet.  The docket sheet reveals that Plaintiff filed numerous *pro se* motions with the court as part of his criminal action (including several motions to dismiss the indictments against him), was assisted by stand-by counsel, and had his case tried before a jury of his peers.[1]  Because Plaintiff has failed to allege any actual prejudice to protected litigation, Plaintiff has no access to the courts claim.  *See Lewis*, 518 U.S. at 351.  Accordingly, the Court will dismiss this action for failure to state claim upon which relief can be granted.

---

[1]Plaintiff was found guilty and was subsequently sentenced to life in prison.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:   January 4, 2007

**Joseph H. McKinley, Jr., Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
         Defendants
         Justice & Public Safety Cabinet, Office of Legal Services, 125 Holmes St., Frankfort, KY
4414.008

4